NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD STANDLEY, on behalf of his minor son, B.M.S., <br><br>          Plaintiff-Appellant, <br><br>   v. <br><br> VICKI NELMS; GREG NEUMAN; NORTH CLACKAMAS SD 12, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon, <br><br>          Defendants-Appellees. | No. 22-35833 <br><br> D.C. No. 3:22-cv-00275-YY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Before: HAWKINS, R. NELSON, and COLLINS, Circuit Judges.
Partial Dissent and Partial Concurrence by Judge HAWKINS.

     Plaintiff Chad Standley, acting on behalf of his minor son B.M.S., filed this

action under 42 U.S.C. § 1983, challenging the school mask mandate imposed by

the Oregon Health Authority ("OHA") when it adopted Oregon Administrative

Rule 333-019-1015.[1]  As Defendants, Standley named only the local school district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Standley also asserted a pendent state law claim for negligence per se, but his opening brief on appeal does not challenge the dismissal of that claim.

that operated the high school at which his home-schooled son played varsity athletics (North Clackamas School District #12 ("School District")) and two of that high school's assistant principals (Vicki Nelms and Greg Neuman). The district court granted Defendants' motion to dismiss for failure to state a claim. Standley timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. To assert any claim against the School District under § 1983, including a claim for injunctive and declaratory relief, Standley had to plead facts showing that the alleged violation arises from a "policy or custom" of the School District, and not merely from the policy of a *state* agency, the OHA. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 32–33 (2010). Standley failed to do so. The complaint alleges that the OHA's Rule 333-019-1015 is unconstitutional and that this state-prescribed Rule is the source of the constitutional violation. Indeed, the complaint affirmatively alleges that the School District is required to enforce the Rule, because the School District's funding "is tied to its compliance with the [State's] mask mandate." Although the complaint alleges that the School District has not insisted on, or achieved, full compliance with the State's masking requirement, B.M.S.'s alleged constitutional injuries do not arise from any such de facto School District policy of limited *non*-compliance with the Rule. On the contrary, all of the injuries alleged in the complaint arise from the School District's actions in affirmatively enforcing the OHA Rule against B.M.S. Moreover, the State's

2

masking requirement was rescinded before Standley's operative amended complaint was filed,[2] and that amended complaint pleads no facts that would support the view that, once freed from the Rule's obligations, the School District has sought, on its own, to continue or implement a masking requirement. Accordingly, all claims against the School District fail for lack of the requisite policy or custom.

2. We reject Standley's arguments that he has stated a § 1983 claim against Nelms and Neuman.

a. Even assuming that B.M.S. has a substantive due process right to "refus[e] unwanted medical treatment," *Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 278 (1990), there is no authority that would support the view that wearing a face mask constitutes "medical treatment" within the scope of any such right. Wearing a mask over one's nose and mouth is not equivalent, in kind or degree, to "forcible injection of medication into a nonconsenting person's body,"

_____

[2] The mask mandate is no longer operative based on OHA's invocation of its authority, under Rule 333-019-1015, to rescind the masking requirement based on its current assessment of the level of risk from Covid. Because the Rule itself has not been revoked and because it expressly authorizes the OHA to rescind such a rescission, *see* OR. ADMIN. R. 333-019-1015(2), this case is not moot. *Cf. Brach v. Newsom*, 38 F.4th 6, 13 (9th Cir. 2022) (en banc) (holding that challenge to school closure order was moot where State had "unequivocally renounced the use of school closure orders in the future" and where, due to legislative changes, the reopening of schools was "entrenched and not easily abandoned or altered in the future" (simplified)). Moreover, Standley's claims for damages against Nelms and Neuman preclude this case from being moot. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 282–83 (2021).

*Washington v. Harper*, 494 U.S. 210, 229 (1990); "transfer to a mental hospital for involuntary psychiatric treatment," *Vitek v. Jones*, 445 U.S. 480, 494 (1980); or "unwanted administration of antipsychotic drugs," *Mills v. Rogers*, 457 U.S. 291, 299 (1982). Standley notes that the FDA has characterized face masks as "medical devices," but such agency statements do not control the meaning of the Constitution and are insufficient to establish that face masks implicate an asserted substantive due process right to refuse medical treatment. As the Supreme Court has cautioned, the courts must "'exercise the utmost care whenever [they] are asked to break new ground'" in the field of substantive due process, and they must be "guided by the history and tradition that map the essential components of our Nation's concept of ordered liberty." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 240 (2022) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). Standley has pointed to no such historical authority—and we are aware of none—that would support extending any substantive due process right to refuse medical treatment to include the asserted right to refuse the prophylactic measure of covering one's nose and mouth in certain settings. Consistent with the caution required by *Dobbs* and *Glucksberg*, we conclude that the challenged OHA Rule does not implicate any fundamental right to refuse medical treatment.

Accordingly, Standley's substantive due process challenge to the OHA Rule is reviewed only under the "rational basis" test. *See Dobbs*, 597 U.S. at 301.

4

Although Standley points to various materials that he contends support the view that masks are ineffective in preventing the spread of Covid, we cannot say that the contrary view held by OHA during the time that its Rule was in effect (*i.e.*, August 2021 until March 2022) lacked any rational basis.

b. In asserting that masks violate the First Amendment, Standley relies solely on the theory that wearing a mask constitutes compelled expressive conduct that communicates a message of "subservience" to the government.[3]  This contention fails as a matter of law.

Although Standley analogizes OHA's masking requirement to the compulsory flag salute at issue in *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943), the comparison is inapt.  The essential ingredient of a *Barnette* claim is compelled conduct that is "inherently expressive." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 66 (2006) ("*FAIR*").  But compliance with a generally applicable conduct regulation does not, without more, render that compliant conduct "sufficiently expressive to warrant First Amendment protection." *Id.*; *see also Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 438 (9th

---

[3] In the district court, Standley had also relied on the alternative theory that the requirement to wear a mask—which has the incidental effect of impeding communication of facial expressions or sounds—is subject to intermediate scrutiny as a content-neutral regulation that incidentally burdens speech. *See, e.g., United States v. O'Brien*, 391 U.S. 367 (1968).  However, at oral argument in this court, Standley expressly abandoned any such theory, and we therefore do not address its merits.

Cir. 2008) (rejecting claim that being required to wear a school uniform constituted compelled expressive conduct, holding that "[w]earing a uniform does not involve written or verbal expression of any kind" and could not reasonably be perceived as "expressing a personal affinity for conformity"). And the fact that an individual may oppose a particular regulation of conduct does not transform the act of complying with it into expressive conduct. To the extent that Standley contends that B.M.S.'s open opposition to the mask mandate serves to make any compliance with it a compelled message of subservience, that theory is foreclosed by *FAIR*. Any "expressive component" in such conduct in that context arises from "the speech that accompanies" that conduct. *FAIR*, 547 U.S. at 66. "If combining speech and conduct were enough to create expressive conduct, a regulated party could always transform conduct into 'speech' simply by talking about it." *Id*. As the Court explained, opposition to the income tax laws does not convert paying one's taxes into compelled expressive conduct. *Id*. Standley's *Barnette* theory therefore fails as a matter of law.

c. Standley asserts a § 1983 claim alleging that the challenged Rule violates § 564 of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3. That statute states that, in authorizing "the emergency use of an unapproved product," the FDA must, "to the extent practicable," set "conditions" on such authorization, including "[a]ppropriate conditions designed to ensure that

6

individuals to whom the product is administered are informed," *inter alia*, "of the option to accept or refuse administration of the product." 21 U.S.C. § 360bbb-3(e)(1)(A). Even assuming *arguendo* that the OHA Rule implicates § 564, Standley's § 1983 cause of action to enforce that statute still fails as a matter of law. "[T]he availability of the § 1983 remedy turns on whether the statute, by its terms or as interpreted, [1] creates obligations sufficiently specific and definite to be within the competence of the judiciary to enforce, [2] is intended to benefit the putative plaintiff, and [3] is not foreclosed by express provision or other specific evidence from the statute itself." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989) (citations and internal quotation marks omitted). Standley's claim falters at the third prong of this test, because § 310 of the FDCA expressly states that (subject to exceptions not relevant here) all proceedings to enforce that statute "shall be by and in the name of the United States." 21 U.S.C. § 337(a). Because Standley's § 1983 claim on this score is an attempt to use § 1983 to create a federal cause of action to enforce the requirements of FDCA § 564, it is "foreclosed 'by express provision'" of the FDCA. *Golden State Transit*, 493 U.S. at 108 (citation omitted).

3. Because we perceive no plausible basis for amending the complaint to cure the specific deficiencies we have noted, we affirm the district court's dismissal of the complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc).

**AFFIRMED.**

FILED

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Standley v. Nelms*, 22-35833

HAWKINS, Circuit Judge, dissenting in part and concurring in the judgment.

I would hold that recission of the masking requirements under Oregon Administrative Rule 333-019-1015 renders Standley's claim for injunctive relief moot. *See Brach v. Newsom*, 38 F.4th 6, 11–13 (9th Cir. 2022) (en banc). I otherwise concur in the judgment.